BARKER DULY *vs.* WILLIAM HOGAN, and trustees.

*Practice. Amendment by summoning additional defendants.*

In an action founded on contract against a sole defendant, the plaintiff cannot, under R. S., c. 82, § 11, summon in, as additional defendants, joint promisors unless he intends to prosecute his action against the party originally sued, or in case of his death, then against his personal representative.

If the original party sued die before the joint promisors are summoned in, the plaintiff may, under R. S., c. 82, § 23, pursue his remedy either against the survivors, or the estate of the deceased, or against both, in separate suits.

Prior to the passage of Pub. Laws of 1870, c. 128, there could be no summoning in any surviving joint promisors as additional defendants, when the only original defendant was the personal representative of a deceased party.

Since the passage of that statute, re-enacted in R. S., c. 87, § 10, the summoning in of survivors, with the personal representative of a deceased joint promisors is not authorized, except in cases where, if the plaintiff prevail, a joint execution can issue without violating other statute provisions.

A joint execution cannot issue without contravening R. S. c. 66, §§ 16, 17, when the estate of the deceased defendant is represented insolvent.

BARROWS, J. The plaintiff commenced an action against Wm. Hogan, returnable at the August term, 1871, upon an account annexed for the price of certain stone, which he claimed to have furnished Hogan, to be used in the construction of the Knox & Lin-

coln Railroad, and summoned. the R. R. Co. as Hogan's trustees. The action stood continued at the August term. Hogan dying in vacation, and his estate being represented insolvent, the plaintiff, at the December term following, suggested these facts and moved for leave to amend his writ, by discontinuing against the trustees and declaring against Oliver Moses and Edward Sewall, alleging that since the previous term he had discovered that they were joint contractors with Hogan in the work he was doing for the R. R. Co. This was allowed and an order issued authorizing the amendment introducing Moses and Sewall as co-defendants, and providing for a service upon them at least fourteen days before the April term, 1872. The docket of the December term shows a discontinuance as to the trustees, and also leave to cite in Hogan's administrator. The administrator, however, was not cited. Copies of the writ were served upon Moses and Sewall March 2, 1872, and on the first day of the April term the plaintiff discontinued as to Hogan, and now claims that this transformation of his suit v. *Hogan et Trustee* into a suit v. *Moses et al.* has been legally effected. We are at a loss to perceive what useful end could be subserved by such a cumbrous process, and none has been suggested. The naked question is, whether it can be lawfully done under our statutes regulating the commencement of civil actions and proceedings in court.

R. S., c. 81, § 2, seems to require that an action of this description shall be commenced by an original writ. When this action was entered in court, the writ did not run against any defendant whom the plaintiff now claims to hold. As against Moses and Sewall it can hardly be said that this action was commenced by original writ. It was rather by an order of court permitting them to be made parties defendant to an action already pending on the docket. Was this allowable under the circumstances of the case ?

It is provided in c. 82, § 11, 'that a writ founded on contract, express or implied, may be amended by inserting additional defendants ; and the court may order service to be made on them, and their property to be attached as in case of original writs ; and on

return of service duly made, they shall be deemed parties to the suit, but not liable to costs before such service.' If Hogan had been living then, at the December term, when the order to cite in Moses and Sewall was made, this mode of making them parties by way of amendment would have been unobjectionable.

But what ought the proceedings to be when the joint contractor originally sued is dead? Looking at c. 82, § 23, we find that ' the goods and estate of a deceased debtor in a joint contract, express or implied, or in a judgment on contract are as liable, and the creditor has his remedy, as in case of a joint and several contract.' In other words, the death makes the contract several as well as joint, and the creditor may pursue his remedy, either against the survivors or the estate of the deceased, or against both, in separate suits.

This remedy, thus pursued, has always been open to the creditor in this State. See Laws of Maine, vol. 1, p. 238; Statutes of 1821, c. 52, § 25; R. S. of 1841, c. 115, § 23; R. S. of 1857, c. 82, § 23.

It had its origin in a Massachusetts statute passed Feb. 26, 1800, before which time, in this State, no action could be maintained against the personal representative of a deceased joint promisor, whom the other promisors survived, the remedy of the creditor being against the survivors alone. *Foster* v. *Hooper*, 2 Mass. 572.

And it was necessary for the creditor to pursue his remedy, by separate suits, against the executor or administrator of the deceased joint promisor and against the survivors, until the passage of statute of 1870, c. 128. *McNally* v. *Kerswell*, 37 Maine, 550; *Treat* v. *Dwinal*, 59 Maine, 341.

The statute which had governed the course of proceedings in the case of the death of one of the several plaintiffs or defendants, in an action that survived, provided that, upon suggestion of the death on record, the action may be further prosecuted or defended by the survivors; and when all the plaintiffs or defendants die, the action may be prosecuted or defended by the executor or administrator of the last surviving plaintiff or defendant. R. S. of 1857, c. 87, § 10; R. S. of 1841, c. 120, §§ 19, 20.

But there could be no joinder of an executor or administrator with survivors, and, consequently, no summoning in of any such surviving parties, as additional defendants. when the only remaining party was an executor or administrator.

Looking, now, to see under what circumstances our present statutes permit this joinder, we find that by R. S. of 1871, c. 87, § 10, which is substantially a re-enactment of Laws of 1870, c. 128, ' when either of several plaintiffs or defendants in an action that survives dies, the death may be suggested on the record, and the executor or administrator of the deceased may appear or be cited to appear as provided in section seven ; and the action may be further prosecuted or defended by the survivors and such executor or administrator jointly, or by either of them ; and judgment may be entered against the survivors and also against the goods and estate of the deceased, in the hands of such executor or administrator, and a joint execution issued.'

Section seven, herein referred to, authorizes the citing in of the executor or administrator of a sole plaintiff or defendant in a pending action which survives, if he does not appear voluntarily at the second term after the death of the party or after his appointment.    Viewing this provision in connection with those which authorize the summoning in of additional defendants, and the prosecution of a single suit upon a joint contract, against the survivors and the personal representatives of a co-promisor, deceased, as co-defendants, we see no objection, in cases where the plaintiff desires to prosecute his claim as well against the estate of the deceased joint contractor as against the survivors, and can entitle himself thereby, if successful in his suit, to a joint execution against all the parties, to his summoning in, as additional defendants, the surviving joint contractors to answer with the executor or administrator of a sole defendant deceased.    To hold otherwise would be too narrow a construction of the statute to be wholesome.

If it were the only objection to the course pursued here that § 10 speaks only of cases where there are several plaintiffs or de-

fendants, we think that taking all the provisions together, they might be fairly construed to cover cases like this.

But a statute which was designed to authorize the summoning in of additional defendants, where there is a *bona fide* intention to pursue the claim against all the original joint promisors, ought not to be perverted into a means of conjuring a fresh set of defendants into a suit, already commenced, which is not intended to be prosecuted against the party originally sued. That is not a summoning in of additional defendants, but an entire change of the parties defendant,—a substitution of one defendant for another. ·

The provision authorizing the summoning of additional defendants never could apply to cases where the bringing in of the new parties would make a misjoinder. Hence, prior to the statute of 1870, it did not authorize the summoning in of survivors with the personal representatives of a deceased joint promisor. The statute of 1870, as re-enacted in § 10, does not authorize it except in cases where, if the plaintiff prevail, a joint execution could issue without violating other statute provisions.

In the case at bar, even if the plaintiff had been intending to proceed against Hogan's estate, and had prevailed in his suit, no joint execution could issue as required in § 10, because Hogan's estate was insolvent, and the issuing of any execution against his goods and estate is forbidden by c. 66, §§ 16, 17.

Surviving joint promisors cannot be summoned in as additional defendants with the executor or administrator on an insolvent estate, against which the joint execution, provided for in § 10, could not issue.

We think Moses and Sewall are entitled to have the action commenced against them by an original writ, in accordance with c. 81, § 2. *Action dismissed.*

Appleton, C. J.; Kent, Walton, Dickerson, and Danforth, JJ., concurred.

*Tallman & Larrabee*, for the plaintiff.

*Gilbert*, for Moses and Sewall.